UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

                            :

UNITED STATES OF AMERICA

                            :   14 Cr. 034 (RMB)

        - v.-

                            :

DINESH D'SOUZA,

                            :

             Defendant.

                            :

- - - - - - - - - - - - - - - - X


<u>JOINT REQUESTS TO CHARGE</u>


                                      PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States
                                         of America

BY:
Carrie H. Cohen
Paul M. Krieger
Assistant United States Attorneys
Southern District of New York
      - Of Counsel -


                                        BRAFMAN & ASSOCIATES, P.C.
                                        *Attorneys for Dinesh D'Souza*

BY:
Benjamin Brafman
Mark M. Baker
Alex Spiro

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA
                                 :    14 Cr. 034 (RMB)
              - v.-
                                 :
DINESH D'SOUZA,
                                 :
                 Defendant.
                                 :
- - - - - - - - - - - - - - - - X


<u>JOINT REQUESTS TO CHARGE</u>

      Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the parties[1] respectfully submit the following proposed
instructions for the Court's consideration in its charge to the jury.

---

[1] The Defendant's objections or additions to the Government's proposed
jury instructions are indicated in *italics*.

## TABLE OF CONTENTS

REQUEST NO. 1 - General Requests ................................. 5

REQUEST NO. 2 - The Indictment .................................. 7

REQUEST NO. 3 - Multiple Counts ................................. 8

REQUEST NO. 4 - Count One – Causing a Campaign Contribution in the Name of Another: The Statute .......................... 9

REQUEST NO. 5 - Count One – Causing a Campaign Contribution in the Name of Another: Elements of the Offense ............ 11

REQUEST NO. 6 - Count One (Causing a Campaign Contribution in the Name of Another): First Element - Defendant Caused a Contribution of at Least $2,000 ................. 12

REQUEST NO. 7 - Count One (Causing a Campaign Contribution in the Name of Another): Second Element - Defendant Knew Contributor Not True Source of Money ........... 13

REQUEST NO. 8 - Count One (Causing a Campaign Contribution in the Name of Another): Third Element - Contribution to a Candidate for Federal Office ................... 14

REQUEST NO. 9 - Count One (Causing a Campaign Contribution in the Name of Another): Fourth Element - Defendant Acted Knowingly and Willfully ........................ 15

REQUEST NO. 10 - Count Two (False Statements): the Indictment and the Statute ....................................... 21

REQUEST NO. 11 - Count Two (False Statements): Purpose of the Statute ............................................ 22

REQUEST NO. 12 - Count Two (False Statements): Elements of the Offense ............................................ 23

REQUEST NO. 13 - Count Two (False Statements): First Element – Statement or Representation .................... 24

REQUEST NO. 14 - Count Two (False Statements): Second Element --
                Materiality ....................................... 25

REQUEST NO. 15 - Count Two (False Statements): Third Element -  False,
                Fictitious, or Fraudulent Statements ............ 26

REQUEST NO. 16 - Count Two (False Statements): Fourth Element -
                Defendant Acted Knowingly and Willfully ......... 27

REQUEST NO. 17 - Count Two (False Statements): Fifth Element - Matter
                Within the Jurisdiction of the United States
                Government ...................................... 30

REQUEST NO. 18 - Venue ........................................... 32

REQUEST NO. 19 - Immunized Witnesses ............................. 33

REQUEST NO. 20 - Non-Prosecution Agreements ...................... 35

REQUEST NO. 21 - Uncalled Witness B Equally Available to Both Sides [If
                Applicable] .................................... 37

REQUEST NO. 22 - Motive .......................................... 38

REQUEST NO. 23 - Persons Not on Trial [If applicable] ........... 39

REQUEST NO. 24 - Defendant=s Testimony ........................... 40

REQUEST NO. 25 - Defendant=s Right Not to Testify [If Requested] . 41

REQUEST NO. 26 - Stipulations [If Applicable] .................... 42

REQUEST NO. 27 - Law Enforcement and Government Employee Witnesses .
                ................................................. 43

REQUEST NO. 28 - Particular Investigative Techniques Not Required [If
                Applicable] .................................... 44

REQUEST NO. 29 - Character Testimony [If Applicable] ............. 45

REQUEST NO. 30 - Summary Charts .................................. 47

REQUEST NO. 31 - Variance in Dates ..............................48

REQUEST NO. 32 - Preparation of Witnesses [If Applicable].......49

REQUEST NO. 33 - Evidence of Other Criminal Acts [If Applicable].50

REQUEST NO. 34 - Audio Recordings and Transcripts - [If Applicable]
              ............................................51

REQUEST NO. 35 - Right to Hear Testimony; Communications with the Court
              ............................................52

REQUEST NO. 36 - Sympathy: Oath as Jurors.......................53

REQUEST NO. 37 - Punishment Not to be Considered by the Jury.....54

CONCLUSION      ............................................55

REQUEST NO. 1

General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

 a. Function of Court and Jury

 b. Jury=s Recollection Governs

 c. Note-Taking by Jurors

 d. Duty to Base Verdict on Evidence

 e. Improper Considerations

 f. Motions, Objections, and Questions by the Court

 g. Duty to Weigh Evidence Without Prejudice

 h. Government as a Party

 i. Indictment Not Evidence

 j. Burden Of Proof

 k. Presumption Of Innocence

 l. Reasonable Doubt

 m. Guilt is Personal

 n. Evidence

 o. Direct and Circumstantial Evidence

 p. Inferences

 q. Circumstantial Evidence of Knowledge, Willfulness, and Intent

 r. Credibility Of Witnesses

REQUEST NO. 2

The Indictment

The defendant DINESH D'SOUZA is formally charged in an Indictment.  The Indictment, of course, is not evidence, but simply contains the formal charges against the defendant.  The Indictment contains two counts.

Count One charges DINESH D'SOUZA with committing federal election campaign fraud by directing other people to make contributions to the campaign of a candidate for the United States Senate, and reimbursing these individuals for those contributions.

Count Two charges DINESH D'SOUZA with causing the campaign committee of a candidate for the United States Senate to file reports with the Federal Election Commission that falsely stated the sources and amounts of campaign contributions by certain individuals.

7

<u>REQUEST NO. 3</u>

<u>Multiple Counts</u>

As I just indicated, the Indictment contains two counts. Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate, unanimous verdict on each count in which the defendant is charged.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-8; <u>see</u> <u>United States</u> v. <u>Sanzo</u>, 673 F.2d 64 (2d Cir. 1982).

8

REQUEST NO. 4

Count One – Causing a Campaign
Contribution in the Name of Another:  The Statute

Count One of the Indictment charges the defendant with a
violation of Title 2, United States Code, Sections 441f and
437(g)(d)(1)(D).  This Count charges the defendant with making and
causing to be made contributions of money during the 2012 calendar year
in the name of another person to the campaign of a candidate for the
United States Senate.  The statute provides in relevant part:

> No person shall make a contribution in the name of
> another person or knowingly permit his name to be
> used to effect such a contribution, and no person
> shall knowingly accept a contribution made by one
> person in the name of another person.

2 U.S.C. § 441f.

As Count One alleges a violation of the federal campaign
finance laws, let me advise you about some of the general requirements
of federal campaign finance laws relevant to this case.

Generally speaking, the Federal Election Campaign Act of
1971, as amended, Title 2, United States Code, Section 431, *et seq*. (the
"Election Act"), limits financial influence in the election of
candidates for federal office, including the Office of United States
Senator, and provides for the public disclosure of contributions to
federal election campaigns.  More specifically, the Election Act
limits the amount and source of money that may be contributed to a

9

federal candidate or that candidate's authorized campaign committee. Among other things, the Election Act prohibits any person from making any contribution in the name of another, including reimbursing a third person, before or after that third person's contribution, as inducement to make that contribution.  I instruct you that a contribution is any deposit of money or anything of value made by any person for the purpose of influencing any election for federal office.

In 2012, the Election Act limited both primary and general election campaign contributions to $2,500 for a total limit of $5,000 from any one individual to any one candidate.

Count One of the Indictment reads as follows:

[The Court is respectfully requested to read Count One of the Indictment.]

10

REQUEST NO. 5

Count One – Causing a Campaign Contribution
in the Name of Another: Elements of the Offense

In order to prove the defendant guilty of making and causing to be made contributions of money in the name of another individual to the campaign of a candidate for federal office, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant made or caused to be made a contribution of at least $2,000 during a calendar year;

Second, that the person named as the contributor was not the true source of the money used for the contribution, and that the defendant was aware of this;

Third, that the contribution was made to a candidate for federal office or through such candidate's designated campaign committee; and

Fourth, that the defendant acted knowingly and willfully.

Adapted from the charge in United States v. Acevedo Vila, No. 08-36 (D.P.R. Mar. 20, 2009) (Dkt. No. 656 at 21-22); United States v. Whittemore, 12 Cr. 58 (D. Nev. May 29, 2013) (Dkt. No. 165 at 28-30).

11

REQUEST NO. 6

Count One (Causing a Campaign Contribution in the Name of Another):
First Element - Defendant Caused a Contribution of at Least $2,000

      The first element of Count One that the Government must prove beyond a reasonable doubt is that the defendant made or caused to be made a contribution or contributions in the name of another person or persons that totaled $2,000 or more during the calendar year 2012.  If you find the Government has proved this and the other elements of Count One beyond a reasonable doubt, then you must make a further finding as to the amount of campaign contributions at issue.  Specifically, you must determine beyond a reasonable doubt whether the total dollar amount of the contributions made or caused to be made by the defendant in the name of another person or persons were either: (a) more than $10,000; or (b) (b) $10,000 or less, but $2,000 or more.  Do not concern yourselves with the reason why your need to specify this monetary range in your verdict.

      Adapted from the charge in United States v. Whittemore, 12 Cr. 58 (D. Nev. May 29, 2013) (Dkt. No. 165 at 28-30); see 2 U.S.C. § 431(8)(A)(i).

REQUEST NO. 7

Count One (Causing a Campaign Contribution in the Name of Another):
Second Element - Defendant Knew Contributor Not True Source of Money

As to the second element of Count One, the Government must prove beyond a reasonable doubt that an individual identified as the contributor was not, in fact, the true source of the money used for the contribution, and that the defendant knew the named contributor was not the true source.  Specifically, the law prohibits conduit contributions, which occur when a person provides money to another person or reimburses money to another person for the purpose of causing that other person to make a contribution in that other person's name.

Adapted from the charge in United States v. Whittemore, 12 Cr. 58 (D. Nev. May 29, 2013)(Dkt. No. 165 at 28-30); see United States v. O'Donnell, 608 F.3d 546, 548, 551 (9th Cir. 2010).

REQUEST NO. 8

Count One (Causing a Campaign Contribution in the Name of Another):
  Third Element - Contribution to a Candidate for Federal Office

  The third element of Count One that the Government must prove
beyond a reasonable doubt is that the contribution was made to a
candidate for federal office, specifically here, Member of the United
States Senate, or that the contribution was made to such candidate
through that candidate's designated campaign committee.


  Adapted from the charge in United States v.
  Whittemore, 12 Cr. 58 (D. Nev. May 29, 2013)(Dkt.
  No. 165 at 28-30); see 2 U.S.C. § 441f.

14

REQUEST NO. 9

Count One (Causing a Campaign Contribution in the Name of Another):
Fourth Element - Defendant Acted Knowingly and Willfully

        The fourth element of Count One that the Government must prove
beyond a reasonable doubt is that defendant acted "knowingly and
willfully."

        An act is done knowingly if it is done purposely and
voluntarily, as opposed to mistakenly or accidentally.

        An act is done willfully if it is done with an intention to
do so something the law forbids, or with a bad purpose to disobey the
law, or with the specific intent to fail to do something the law requires
to be done.   The defendant need not have known that he was breaking any
particular law or any particular rule; he need only have been aware of
the generally unlawful nature of his actions.   Accordingly, it is not
necessary for the Government to prove that the defendant was aware of
the specific provision of the law that he is charged with violating.
Rather, it is sufficient for the defendant to act knowing that his
conduct is unlawful, even if he does not know precisely which law makes
it so.

        The question of whether a person acted knowingly and
willfully is a question of fact for you to decide like any other fact
question.   This question involves one=s state of mind. Direct evidence
of knowledge and intent is almost never available.   Science has not yet

15

devised a manner of looking into a person=s mind and knowing what that person is thinking.   There are no x-ray machines or CAT scans that can show the thoughts within the human mind.   Moreover, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with an unlawful intent. Such direct proof is not required of the Government.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from words and conduct within those circumstances.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."   Using your commonsense means that, when you come to decide whether the defendant possessed or lacked the necessary intent, you don't limit yourself to just what he said, but you also look at what he did and what others did in relation to him and, in general, everything that occurred.   Circumstantial evidence, if believed, is of no less value than direct evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 36-13; the charge in <u>United States</u> v. <u>Whittemore</u>, 12 Cr. 58 (D. Nev. May 29,

2013) (Dkt. No. 165 at 28-30); and the charge in
<u>United States</u> v. <u>Edwards</u>, 11 Cr. 161 (M.D.N.C. May
18, 2012) (Dkt. No. 288 at 10); <u>see</u> <u>Bryan</u> v. <u>United
States</u>, 524 U.S. 184, 193 (1998).

<u>**DEFENDANT'S REQUEST No. 1**</u>

*Revisions to Government's*
*REQUEST NO.9*

*Count One (Causing a Campaign Contribution in the Name of Another)*
*Fourth Element - Defendant Acted Knowingly and Willfully*

   The fourth element of Count One that the Government must prove beyond a reasonable doubt is that defendant acted "knowingly and willfully."

   An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

   An act is done willfully if it is done with an intention to do so something the law forbids, or with a bad purpose to disobey the law, or with the specific intent to fail to do something the law requires to be done.  In other words, you must find that the defendant acted with an evil-meaning mind, that is to say, that he acted with knowledge that his conduct was unlawful.[1] ~~The defendant need not have known that he was breaking any particular law or any particular rule; he need only have been aware of the generally unlawful nature of his actions.  Accordingly, it is not necessary for the Government to prove that the defendant was aware of the specific provision of the law that he is charged with violating. Rather, it is sufficient for the defendant to act knowing that his conduct is unlawful, even if he does not know precisely which law makes it so.~~

   I further instruct you that in order for you to find that his actions were done wilfully, you must also determine that the defendant had to have been aware that his actions were in violation of a criminal statute. In other words, before you may find the defendant guilty, you must determine that he was specifically aware that his alleged reimbursements of campaign contributions

---

   [1] *Bryan v. United States,* 524 U.S. 184, 193 (1998).

*to the four named individuals were in violation of law, rather than merely contrary to a campaign rule.[2]\*\*\**

---

[2] As explained in Point I of his memorandum of law in support of his motion to dismiss, Defendant submits that, with the advent of the decision in *McCutcheon v. Fed. Election Com'n*, 12-536, 2014 WL 1301866 (April 2, 2014), the Federal Election Campaign Act assumed the same sort of complexity which prompted the Supreme Court to carve out exceptions to the definition of wilfulness in *Cheek v. United States*, 498 U.S. 192 (1991) and *Ratzlaf v. United States,* 510 U.S. 135, 137(1994). As demonstrated in the affidavit in support of the motion and the accompanying memorandum of law, the complexity of FECA is extraordinary. Moreover, given the holding in *McCutcheon*, and certainly its distinguishing between "base" and "aggregate" campaign contribution limits, just as with the tax and structuring laws, there is now likewise "presented the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan v United States*, 524 U.S. 184, 194 (1998). Thus, as we argued, because the contrary determinations in *United States v. Danielczyk*, 788  F. Supp. 2d 472, 479 (E.D. Vir. 2011) *and United States v. Whittemore*, 944 F.Supp.2d 1003 (D. Nev. 2013) antedated *McCutcheon,* they should no longer be persuasive." Memorandum of law at p. 11, n. 3. Indeed, absent specific awareness of §441(f), the average person could easily become "ensnared" since it is simply not *malum in se* that there exist limitations on individual contributions.

## *DEFENDANT'S REQUEST No. 2*

*Count One - Aggregate Amount*

As I explained to you, Defendant is charged in Count One of the Indictment with having violated 2 U.S.C. §441(f), by knowingly and wilfully making contributions to the Wendy Long campaign in the names of four other persons by having reimbursed all four in an amount aggregating more than $10,000 during the 2012 calendar year.

If you find, however, that Defendant did not reimburse any one of such four persons in an amount greater than $10,000, then you must determine that he has not exceeded the prohibited amount in a single calendar year. In other words, if you determine that each single person was reimbursed in an amount no greater than $5,000, then you must find Defendant not guilty of Count One.

<u>REQUEST NO. 10</u>

<u>Count Two (False Statements):   the Indictment and the Statute</u>

Count Two of the Indictment charges the defendant with knowingly causing false statements to be made to the Federal Government. [The Court is respectfully requested to read Count Two of the Indictment to the jury.]

The statute that the defendant is charged with violating in this Count is Section 1001 of Title 18 of the United States Code.   That statute, in pertinent part, provides that

> whoever, in any matter within the jurisdiction of the executive . . . branch of the Government of the United States, knowingly and willfully ... makes any materially false, fictitious or fraudulent statement or representation [is guilty of a crime.]

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 36-1.

21

REQUEST NO. 11

Count Two (False Statements):  Purpose of the Statute

      To establish a violation of Count Two of the Indictment, it is necessary for the Government to prove certain essential elements -- which I soon will describe for you -- beyond a reasonable doubt. However, I want to point out now that it is not necessary for the Government to prove that the Government was, in fact, misled as a result of the defendant=s action.  It does not matter that the Government was not misled, or even that it knew of the misleading or deceptive act, should you find that the act occurred.  These circumstances would not excuse or justify a concealment or the making of a false or fictitious statement about a matter within the jurisdiction of the Government of the United States.

      Adapted from Sand, Modern Federal Jury Instructions, Instr. 36-2.

22

REQUEST NO. 12

Count Two (False Statements):  Elements of the Offense

To prove that the defendant made or caused to be made any materially false or fictitious statement or representation, the Government must prove each of the following five elements beyond a reasonable doubt.

First, that, on or about the dates alleged in the Indictment, the defendant made or caused to be made a statement or representation;

Second, that the statement or misrepresentation was material;

Third, that the statement or representation made was either false or fictitious;

Fourth, that the false or fictitious statement was made knowingly and willfully; and

Fifth, that the statement or representation was made in a matter within the jurisdiction of the Government of the United States.

Adapted from Sand, Modern Federal Jury Instruc-tions, Instr. 36-9.

23

REQUEST NO. 13

Count Two (False Statements):
First Element - Statement or Representation

The first element that the Government must prove beyond a reasonable doubt with respect to Count Two is that the defendant made or caused to be made a statement or representation.  In this regard, the Government need not prove that the defendant physically made or otherwise personally prepared the statement in question.  It is sufficient if defendant caused the statement to have been made.  Under this statute, there is no distinction between written and oral statements.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 36-10.

24

REQUEST NO. 14

Count Two (False Statements):  Second Element - Materiality

The second element of Count Two that the Government must prove beyond a reasonable doubt is that the statement or representation that the defendant made or caused to be made was material.

A fact is material if it could have influenced the Government=s decisions or activities.  However, proof of actual reliance on the statement by the Government is not required.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 36-11.

25

REQUEST NO. 15

Count Two (False Statements):
Third Element - False, Fictitious, or Fraudulent Statements

The third element of Count Two that the Government must prove beyond a reasonable doubt is that the statement or representation was either false or fictitious.   This language is almost self-explanatory. A statement or representation is Afalse@ or Afictitious@ if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 36-12.

26

REQUEST NO. 16

Count Two (False Statements):
Fourth Element - Defendant Acted Knowingly and Willfully

The fourth element of Count Two that the Government must prove beyond a reasonable doubt is that the defendant acted "knowingly and willfully."  I already instructed you with respect to Count One about how to define the terms knowingly and willfully and those terms are defined the same with respect to Count Two but let me repeat what I told you before.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do so something the law forbids, or with a bad purpose to disobey the law, or with the specific intent to fail to do something the law requires to be done.  The defendant need not have known that he was breaking any particular law or any particular rule; he need only have been aware of the generally unlawful nature of his actions.  Accordingly, it is not necessary for the Government to prove that the defendant was aware of the specific provision of the law that he is charged with violating. Rather, it is sufficient for the defendant to act knowing that his conduct is unlawful, even if he does not know precisely which law or regulation makes it so.

27

For this Count, the Government does not contend that the defendant actually physically committed the crime.  Instead, the Government contends that the defendant intentionally caused another person to physically commit the crime.  Accordingly, the Government need not show that the defendant himself physically committed the crime or supervised or participated in the actual criminal conduct.  It is sufficient if the defendant intentionally caused another person to take the acts that constitute the crime.

As I instructed you as to Count One, the question of whether a person acted knowingly and willfully is a question of fact for you to decide like any other fact question.  This question involves one=s state of mind. Direct evidence of knowledge and intent is almost never available.  Science has not yet devised a manner of looking into a person=s mind and knowing what that person is thinking.  There are no x-ray machines or CAT scans that can show the thoughts within the human mind.  Moreover, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with an unlawful intent.  Such direct proof is not required of the Government.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts,

28

and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from words and conduct within those circumstances.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your commonsense means that, when you come to decide whether the defendant possessed or lacked the necessary intent, you don't limit yourself to just what he said, but you also look at what he did and what others did in relation to him and, in general, everything that occurred.  Circumstantial evidence, if believed, is of no less value than direct evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 36-13, 11-3.

REQUEST NO. 17

Count Two (False Statements):  Fifth Element - Matter Within
the Jurisdiction of the United States Government

The fifth element of Count Two that the Government must
prove beyond a reasonable doubt is that the caused statement was
made or undertaken with regard to a matter within the jurisdiction
of the government of the United States.

To be within the jurisdiction of the Government of the
United States means that the statement or concealment must concern
an authorized function of a Government department or agency.  I
instruct you that the Federal Election Commission is an agency and
department of the United States with jurisdiction to compile and
publicly report accurate information about the sources and amounts
of contributions.

It is not necessary for the Government to prove that the
defendant had actual knowledge that the false statement or
concealment was to be used in a matter that was within the
jurisdiction of the Government of the United States.  It is
sufficient to satisfy this element if you find that the false
statement or concealment was made or taken with regard to a matter
within the jurisdiction of the Government of the United States.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 36-14.

30

### *DEFENDANT'S REQUEST No. 3*

*Count Two - Literally True, Even if Misleading*

With regard to the allegation in the Second Count of the Indictment which alleges that Defendant wilfully and knowingly caused the submission of materially false, fictitious and fraudulent statements and representations to the Federal Election Commission, I caution you that a jury is not permitted to engage in conjecture as to whether an unresponsive answer, true and complete on its face, was intended to be misleading or misrepresenting. Specifically, Defendant's state of mind is only relevant to the extent that it helps you determine whether he did or did not believe any answers to be true.

Accordingly, if you find that the answers on the forms submitted to the Federal Election Commission were literally true, in that the named individuals therein actually contributed $5,000 each to the Wendy Long campaign, the fact that such forms might be potentially misleading by not stating that Defendant had reimbursed each individual contributor is not for you to consider, as long as the limited information provided was true on its face. In such event, you must find defendant not guilty of Count Two.[3]

---

[3] Adapted from *Bronston v United States*, 409 U.S. 352, 359 (1973) and *United States v Mandanici*, 729 F2d 914, 920 [2d Cir 1984]

REQUEST NO. 18

Venue

I have now told you the elements of each charge in the Indictment.  In addition to the elements I have described to you, as to each charge the Government must prove that some act in furtherance of the charge you are considering occurred in the Southern District of New York.  You are instructed that the Southern District of New York includes, among other locations, Bronx, Manhattan, and Westchester Counties.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged in each count occurred in the Southern District of New York.

> Adapted from the charge of The Honorable
> Loretta A. Preska in United States v.
> Cespedes, 00 Cr. 390 (LAP) (S.D.N.Y. May
> 2001); Sand, Modern Federal Jury
> Instructions, Instr. 3-11.

REQUEST NO. 19

Immunized Witnesses

You have heard the testimony of a certain witness who testified under a grant of immunity from this Court.  What this means is that the testimony of the witness may not be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict a defendant on the basis of such a witness=s testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with great.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness=s own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

If after a careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act

33

upon it accordingly.

In addition, it does not follow that simply because a person may have participated in criminal conduct, that he is incapable of giving truthful testimony.  Further, it is of no concern of yours why a witness received court-ordered immunity. Your sole concern is whether a witness has given truthful testimony in this courtroom before you.  As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-8; <u>see</u> <u>United States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) (AWhere the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.@) (citations omitted), and <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).

REQUEST NO. 20

Non-Prosecution Agreements

You have heard testimony from witnesses who have been promised that in exchange for testifying truthfully, completely, and fully, they will not be prosecuted for any crimes which they may have admitted either here in court or in interviews with the prosecutors.  This promise is not a formal order of immunity by the court, but an agreement between the witness and the government.  This agreement is known as a "non-prosecution agreement."

I instruct you that there is nothing improper in the Government's use of such agreements.  They are a common and important law-enforcement tool.  You are instructed that you may convict a defendant on the basis of such a witness=s testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, in evaluating the testimony of a witness with a non-prosecution agreement, you should examine it with great care. You should consider what benefits or promises the witness received from the Government that would motive him or her to testify falsely against the defendant.  If you decide to accept the witness's testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

35

In addition, it does not follow that simply because a person may have participated in criminal conduct, that he is incapable of giving truthful testimony. Further, it is of no concern of yours why a witness received a non-prosecution agreement. Your sole concern is whether a witness has given truthful testimony in this courtroom before you. As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

> Sand, Modern Federal Jury Instructions, Instr. 7-14; from the charge of the Honorable Victor Marrero in United States v. Hsu, 07 Cr. 1066 (S.D.N.Y.). See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) (AWhere the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.@) (citations omitted), and United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).

REQUEST NO. 21

Uncalled Witness B Equally Available To Both Sides

[If Applicable]

Both the Government and the defense have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from charge of the Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007); Sand, Modern Federal Jury Instructions, Instr. 6-7.  See generally United States v. Erb, 543 F.2d 438, 444-45 (2d Cir. 1976) (discussing propriety of missing witness charges).

37

REQUEST NO. 22

Motive

[If Applicable]

Proof of motive is not a necessary element of the crimes with which the defendant is charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.  If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what defendant's the motive for the crime may be, or whether the defendant's motive was shown at all.  The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.  Good motive alone, however, is never a defense where the act done or omitted is a crime.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-18, and from the charge of the Hon. Deborah A. Batts in United States v. Gupta, 07 Cr. 177 (S.D.N.Y. 2008); Hon. Jesse M. Furman in United States v. Kaufman, 13 Cr. 411 (S.D.N.Y. 2013); United States v. Whittemore, 12 Cr. 58 (D. Nev. May 29, 2013) (Dkt. No. 165 at 41).

REQUEST NO. 23

Persons Not on Trial

[If Applicable]

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that there may be persons who have not been tried as defendants in this case. You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from charge of the Honorable Victor
Marrero in United States v. Adrian Agostini,
00 Cr. 237 (S.D.N.Y. Sept. 23, 2003).

REQUEST NO. 24

Defendant=s Testimony

[Requested if the Defendant Testifies]


The defendant testified at trial. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Prince Gaines, 457 F.3d 238 (2d Cir. 2006); and from the charge of the Honorable Denise L. Cote, United States v. Borbon, 05 Cr. 909 (S.D.N.Y. September 25, 2006).

REQUEST NO. 25

Defendant=s Right Not to Testify

[If Requested]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government=s burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21; charge of the Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007).

41

REQUEST NO. 26

Stipulations

[If Applicable]

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

Adapted from charge of the Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007); Sand, Modern Federal Jury Instructions, Instr. 5-6 and 5-7.

REQUEST NO. 27

Law Enforcement and Government Employee Witnesses

You have heard the testimony of law enforcement officials and of employees of government.  The fact that a witness may be employed as a law enforcement official or employee of government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 7-16; and from the charge
> of the Honorable Victor Marrero in United States
> v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5,
> 2007).  See United States v. Ouimette, 798 F.2d
> 47, 49 (2d Cir. 1986) (as a general rule, Ait
> is inappropriate to charge that police officers
> testifying at trial are specially interested in
> the outcome of a case@).

43

REQUEST NO. 28

Particular Investigative Techniques Not Required

[If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant=s guilt has been proved beyond a reasonable doubt.

> Adapted from charge of the Honorable Victor
> Marrero in United States v. Frank Tejada, 07
> Cr. 502 (S.D.N.Y. Nov. 5, 2007).

44

REQUEST NO. 29

Character Testimony

[If Applicable]

The defendant has called witnesses who have given their opinion of his character.  This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's good character, you find a reasonable doubt has been created, you must acquit.  On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's good character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-15; United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (A defendant is not entitled to a charge that character evidence Astanding alone@ is enough

45

for acquittal and strongly criticizing such
charges as Apotentially misleading and
confusing.).

REQUEST NO. 30

Summary Charts

The Government has presented exhibits in the form of charts and summaries.  These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater weight to these charts and summaries than you would give to the evidence on which they are based.

It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-12 and 5-13; and from the charge of Honorable Richard J. Sullivan in United States v. Vilar, 05 Cr. 621 (S.D.N.Y. Nov. 13, 2008).  See United States v. Pinto, 850 F.2d 927, 935-36 (2d Cir. 1988) (upholding admission of summary charts and use in jury room during deliberations).

47

REQUEST NO. 31

Variance in Dates

You will have noticed that the Indictment refers to various dates and dollar amounts.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

> Adapted from the charge of the
> Honorable Michael B. Mukasey in
> United States v. Cheng Chui Ping,
> 94 Cr. 953 (S.D.N.Y. June 14, 2005);
> and the charge of the Honorable John Martin
> in United States v. Lawless, S2 96 Cr. 522 (JSM)
> (S.D.N.Y. May 14, 1997).

48

REQUEST NO. 32

Preparation of Witnesses

[If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness=s credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court=s time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness=s preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adopted from the charge of the Honorable
Michael B. Mukasey in United States v. Abdul
Latif Abdul Salam, 98 Cr. 208 (S.D.N.Y. 1999).

49

REQUEST NO. 33

Evidence of Other Criminal Acts

[If Applicable]

There has been evidence received during the trial that DINESH D'SOUZA allegedly engaged in other alleged criminal acts. Let me remind you that the defendant is only on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence as a substitute for proof that the defendant committed the crime charged in the Indictment.  Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character.   This other evidence was admitted for a more limited purpose, namely, as potential evidence of a defendant=s motive, opportunity, intent, knowledge, plan, and absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that a defendant is of bad character or has a propensity to commit crimes.

Adapted from Sand, Modern Federal Jury Instructions, Instrs. 5-25, 5-26.

50

REQUEST NO. 34

Audio Recordings and Transcripts

[If Applicable]

Audio Recordings of telephone conversations and meetings and transcripts of those recordings have been admitted into evidence.  Whether you approve or disapprove of the recording of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, and that the government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved beyond a reasonable doubt the guilt of the defendants. It is, of course, for you to determine what weight to give to that evidence.


Adapted from the charge of the Honorable
Richard J. Sullivan, United States v. Pan, 12
Cr. 153 (RJS).

REQUEST NO. 35

Right to Hear Testimony; Communications with the Court

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits or transcripts of testimony, they will be provided to you.  But please remember that it is not always easy to locate testimony that you might want, so be as specific as you can possibly be in framing any request for testimony or exhibits.

Your requests for exhibits or testimony B in fact, any communication with the Court B should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to any questions or requests or by having you return to the courtroom so I can speak with you in person.  In any event, do not tell me or anyone else how the jury stands on an issue of the defendant=s guilt until after a unanimous verdict is reached.

Adapted from the charge of the Honorable Kimba
M. Wood in United States v. Boris Schvartsman,
04 Cr. 1368 (KMW) and United States v.
Christopher Pryce, 03 Cr. 1238 (KMW).

<u>REQUEST NO. 36</u>

<u>Sympathy:  Oath as Jurors</u>

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 2-12.

<u>REQUEST NO. 37</u>

<u>Punishment Not to be Considered by the Jury</u>

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence and to determine whether the defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

> Adapted from the charge of the Honorable Vincent L. Broderick in <u>United States</u> v. <u>Drucker</u> (S.D.N.Y.); the Honorable Edward Weinfeld in <u>United States</u> v. <u>Bruswitz</u>, <u>aff=d</u>, 219 F.2d 59, 62-63 (2d Cir. 1955); and the Honorable Harold L. Tyler in <u>United States</u> v. <u>Natelli</u>, 74 Cr. 43 (S.D.N.Y. 1974), <u>aff=d</u>, 527 F.2d 311 (2d Cir.).

<u>CONCLUSION</u>

Your function now is to weigh the evidence in this case and to determine the guilt of the defendant with respect to the charges in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.   Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges B judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in United States v. Soldano, 73 Cr. 167 (S.D.N.Y. 1973).  See also United States v. Corr, 75 Cr. 803 (S.D.N.Y.), aff=d, 543 F.2d 1042 (2d Cir. 1976).

## __DEFENDANT'S REQUEST No. 4__
*Revisions to Government's*
*CONCLUSION*

*Your function now is to weigh the evidence in this case and determine whether it either proves beyond a reasonable doubt, or fails to so prove, the guilt of the defendant with respect to the charges in the indictment.\*\*\**

Date:       New York, New York
            April 24, 2014

                          Respectfully submitted,

                          PREET BHARARA
                          United States Attorney for the
                          Southern District of New York
                          Attorney for the United States
                            of America


            By:   /s/  Carrie H. Cohen
                  Carrie H. Cohen/Paul M. Kreiger
                  Assistant United States Attorneys
                  (212) 637-2264/1084


                  BRAFMAN & ASSOCIATES, P.C.
                  *Attorneys for Dinesh D'souza*


            By:   /s/   Benjamin Brafman
                  Benjamin Brafman/Mark M. Baker/Alex
                  Spiro
                  (212) 750-7800


                          58