# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

April 29, 2014

**Via ECF and By Hand**
Hon. Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *United States v. Dinesh D'Souza*
         14 Cr. 034 (RMB)

Dear Judge Berman:

  This letter provides additional support we have just discovered for Defendant's Request No. 1, which modifies Government's request No. 9. The operative issue is the appropriate instruction on the *mens rea* element of "willfully."

### A. 2 U.S.C. §437g(d)(1)(D)

  In *Bluman v. Federal Election Commission,* 800 F. Supp.2d 181 (DC Cir. 2011), *affd*, 132 S. Ct. 1087 (2012), a three judge district court (per Kavanaugh, J., Circuit Judge) recently held that 2 U.S.C. §441e, which barred the plaintiffs, as foreign citizens, from contributing to candidates in United States elections, did not violate the First Amendment. The Court determined that "[t]he Supreme Court has long held that the government (federal, state, and local) may exclude foreign citizens from activities that are part of democratic self-government in the United States." 800 F. Supp 2d at 283.

For our purposes, at the end of its analysis, the *Bluman* court noted "three important limits to [its] holding in this case." 800 F. Supp. 2d at 292. As to its "third" "important limit" the court stated the following:

> Third, we caution the government that seeking criminal penalties for violations of this provision—which requires that the defendant act "willfully," *see* 2 U.S.C. §§ 437g(a)(5)(C), 437g(d)(1)(A) -- **will require proof of the defendant's knowledge of the law**. *See United States v. Moore,* 612 F.3d 698, 702–04 (D.C.Cir.2010) (Kavanaugh, J., concurring); *see also Staples v. United States,* 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). There are many aliens in this country who no doubt are unaware of the statutory ban on foreign *expenditures,* in particular.[1]

800 F Supp 2d at 292 (italics in original, bold added). As noted, this decision was affirmed, without opinion, by the Supreme Court on January 9, 2012. *See* 132 S.Ct. 1087.

Clearly, 2 U.S.C. §437g(d)(1)(A), cited in *Bluman*, contains the identical "knowingly and willfully" language found in §§437g(d)(1)(D) which controls our case. Accordingly, with its affirmance of *Bluman*, *see* 132 S. Ct. 1087, the United States Supreme Court has clearly given its imprimatur to our proposed jury instruction that

> *before you may find the defendant guilty, you must determine that he was specifically aware that his alleged reimbursements of campaign contributions to the four named individuals were in violation of law, rather than merely contrary to a campaign rule.*

**B.** <u>**18 U.S.C. §1001**</u>

We submit that *Bluman* further requires that the same instruction be given with respect to the *mens rea* element of "willfully" contained in §1001.

To be sure, in *United States v. Whab,* 355 F.3d 155 (2d Cir. 2004), the Second Circuit, addressing that element, noted that

> several courts of appeals have properly rejected an attempt to apply *Ratzlaf* [*v. United States,* 510 U.S. 135, 137(1994)] to the term "willfully" as used in 18

---

[1] As this court is well aware, and as the Government has emphasized, Defendant, though a naturalized citizen, was born in India, where he spent a significant portion of his life, and where most of his family members remain.

U.S.C. § 1001. In contrast, we are not aware of any appellate court that has held that "willfully" in § 1001 -- a term that has long been part of a venerable statute, *see United States v. Cohn,* 270 U.S. 339, 341 n. 1, 46 S.Ct. 251, 70 L.Ed. 616 (1926) -- requires proof that a defendant knew that his conduct was criminal.

355 F.3d at 161 (2d Cir 2004) (citing *United States v. Hsia,* 176 F.3d 517, 522 (D.C.Cir.1999); *United States v. Daughtry,* 48 F.3d 829, 831-32 (4th Cir.), *vacated on other grounds,* 516 U.S. 984, 116 S.Ct. 510, 133 L.Ed.2d 419 (1995); *and United States v. Rodriguez-Rios,* 14 F.3d 1040, 1048 n. 21 (5th Cir.1994) (en banc)).

Moreover, in a footnote to the preceding quote, the Court of Appeals, noting its earlier decision in *United States v. Gabriel,* 125 F.3d 89, 100 (2d Cir.1997), added:

Because the underlying crime, which the defendant was convicted of aiding and abetting, was making a false statement in violation of § 1001, our opinion properly indicated that the government need not prove the defendant's specific knowledge of unlawfulness under *either* § 2(b) *or* § 1001. In other words, if §1001 had required a defendant to know that his false statement was a crime, then § 2(b) would have extended the same requirement to an alleged aider or abettor of a false statement -- which, we held, it did not.

In *Whab*, the Court of Appeal's ultimate determination was merely that there had been no plain error in the trial judge's unchallenged instruction which did not include a requirement that the defendant had known that making a false statement to a federal agent was a crime. The Court simply concluded, therefore, that "[w]hile we can find no basis for the claim that 'willfully' in 18 U.S.C. § 1001 requires a defendant's specific knowledge that his conduct is criminal, we need not decide the issue, a matter of first impression in this Circuit." 355 F3d at 162.

Thereafter, in *United States v. George*, 386 F.3d 382 (2d Cir. 2004) (Sotomayor, J.), the Court of Appeals, as concerns 18 U.S.C. §1542 (which prohibits false statements on a passport application) "accept[ed] the government's argument that conviction under § 1542 only requires that a defendant provide in a passport application information he or she knows to be false and does not mandate that the defendant act with a specific purpose to make false statements or to violate the law, either generally or §1542 specifically." 386 F.3d at 389.

Finally, in a later summary order in *United States v. Carrasquillo*, 239 Fed Appx 634, 636 (2d Cir 2007), the Court of Appeals specifically eliminated any remaining doubt:

To convict a defendant of violating 18 U.S.C. § 1001, the government must prove that the defendant: (i) knowingly and willfully, (ii) made a statement, (iii) in

> relation to a matter within the jurisdiction of a department or agency of the United States, (iv) with knowledge that it was false or fictitious and fraudulent. *Willfulness relates to the making of the false statement, not to knowledge that the statement would violate a law. See United States v. George,* 386 F.3d 383, 394 (2d Cir.2004); *see also United States v. Whab,* 355 F.3d 155, 161 (2d Cir.2004) ("[N]othing in the language or structure of 18 U.S.C. § 1001 suggests that 'willfully' requires proof that a defendant knew his conduct was a crime, and § 1001 does not contain any 'purpose' requirement that would be rendered superfluous by the Government's interpretation."). The Government presented evidence that defendant made the same false statement twice when asked directly and that he knew that what he was saying was false. The evidence presented would support a jury's determination that the petitioner acted willfully.

239 Fed. Appx. at 636; emphasis added.

Although this would seem to be conclusive, in reality, a clear conflict now exists with respect to the definition of willfulness under §1001. Indeed, as noted above, in *Bluman,* the Supreme Court affirmed the district court's opinion, absent any further discussion. *See* 132 S. Ct. 1087. Yet in holding that "we caution the government that seeking criminal penalties for violations of this provision -- which requires that the defendant act 'willfully,' *see* 2 U.S.C. §§ 437g(a)(5)(C), §437g(d)(1)(A) -- will require proof of the defendant's knowledge of the law[,]" Circuit Judge Kavanaugh cited his earlier concurrence in *United States v. Moore,* 612 F.3d 698, 702–04 (D.C.Cir.2010) (Kavanaugh, J., concurring). What he stated in that earlier decision is most illuminating:

> It is true that our Court many years ago seemed to assume (in addressing a mens rea issue under a different statute) that proving the defendant's knowledge of the law may not be required in § 1001 cases. See *United States v. Hsia,* 176 F.3d 517, 522 n. 3 (D.C.Cir.1999). In so doing, *Hsia* referenced a 1994 Third Circuit opinion that pre-dated the Supreme Court's clarifying decisions in *Bryan* [*v. United States,* 524 U.S. 184, 194 (1998)] and later cases. *That assumption may not endure in light of those subsequent Supreme Court precedents. In a future case, we therefore may need to consider the appropriate mens rea requirements and defenses for §1001 prosecutions under those Supreme Court decisions.*

> Here, however, there is no legal obstacle to our affirming Moore's § 1001 conviction: Moore did not contend that the term "willfully" in § 1001 requires proof of the defendant's knowledge of the law, and he did not challenge the jury instructions on that basis. *But in a case where the issue is raised, the Supreme Court's precedents arguably require district courts in § 1001 cases to give a willfulness instruction that requires proof that the defendant knew his conduct*

**BRAFMAN & ASSOCIATES, P.C.**

Hon. Richard M. Berman
April 29, 2014

> *was a crime*. To be sure, in many false statements cases the Government will be able to easily prove that the defendant knew his conduct was unlawful. But in some cases, it will not be able to do so-and those of course are precisely the cases where it would seem inappropriate and contrary to § 1001's statutory text to impose criminal punishment.

612 F.3d 698 at 704; emphasis added.

   Clearly, with the Supreme Court's affirmance in *Bluman* amounting to a tacit imprimatur of Judge Kavanaugh's concurrence in *Moore*, this Circuit's precedents in *Whab*, *George* and *Carrasquillo* are now open to strong challenge and may just be ripe for the picking. Accordingly, Defendant further requests your Honor to instruct the jury on the element of wilfullness for purposes of §1001 with the same "knowledge of the law" requirement which he requests for purposes of 2 U.S.C. §437g(d)(1)(D).

            Respectfully submitted,

            BENJAMIN BRAFMAN
            BB2285

cc:  Carrie Heather Cohen, Esq.
   Paul Matthew Krieger, Esq.
     (via ECF)