**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 12, 2014

**BY ECF and Hand Delivery**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:     **United States v. Dinesh D'Souza, 14 Cr. 034 (RMB)**

Dear Judge Berman:

In advance of the pretrial conference set for May 15, 2014 at 9:30 a.m., the Government respectfully submits this letter in response to the defendant's letter filed on May 2, 2014 (Docket Entry No. 38) (the "May 2 Letter"), in which he further argues for his request to charge concerning the element of "willfulness" in connection with both counts of the Indictment – conduit contribution fraud and causing false statements.  More specifically, the defendant has requested that the Court charge the jury on "willfully," in relevant part, as follows:

> I further instruct you that in order for you to find that his actions were done wilfully, you must also determine that the defendant had to have been aware that his actions were <u>in violation of a criminal statute</u>.  In other words, before you may find the defendant guilty, you must determine that he was specifically aware that his alleged reimbursements of campaign contributions to the four named individuals were <u>in violation of law, rather than merely contrary to a campaign rule</u>.

<u>See</u> Defendant's Request to Charge No. 1, which modifies the Government's Request to Charge No. 9 (emphasis added).  The defendant's proposed charge is contrary to well-settled law and confusing, and thus, this Court should reject it and instruct the jury as requested by the Government.[1]  The substance of the Government's proposed charge routinely has been used by

---

[1] The Government's Request to Charge No. 9 provides, in relevant part: "An act is done willfully if it is done with an intention to do something the law forbids, or with a bad purpose to disobey the law, or with the specific intent to fail to do something the law requires to be done.  The defendant need not have known that he was breaking any <u>particular</u> law or any <u>particular</u> rule; he need only have been aware of the generally unlawful nature of his actions.  Accordingly, it is not necessary for the Government to prove that the defendant was aware of the specific provision of the law that he is charged with violating.  Rather, it is sufficient for the defendant to act knowing that his conduct is unlawful, even if he does not know precisely which law makes it so."  (<u>See</u> Docket Entry No. 33 at 15-17).

district judges in this courthouse including Your Honor and is proper here.[2]   In fact, the two courts that recently considered the meaning of "willfulness" in the specific context of conduit contribution fraud rejected the definition that the defendant urges in the instant case.

In United States v. Danielczyk, 788 F. Supp. 2d. 472 (E.D. Va 2011), the district court extensively examined the meaning of "willfulness" in the same statutes that are at issue in the instant case, 2 U.S.C. §§ 441f & 437g(d) and 18 U.S.C. §§ 1001 & 2.   Citing Ratzlaf v. United States, 510 U.S. 135 (1994) and Cheek v. United States, 498 U.S. 192 (1991), Danielcyzk specifically refused to require the Government to prove the highest level of intent for the conduit contribution and false statement statutes that D'Souza proposes, i.e., requiring the Government to prove that the defendant actually knew that he was violating a particular statute.   788 F. Supp. 2d at 487.   Such a standard should only be used in "select, rare instances," id., "where the obscurity or complexity" of a criminal statute "may prevent individuals from realizing that seemingly innocent acts are, in fact, criminal,"   United States v. George, 386 F.3d 383, 390 (2d. Cir. 2004). See also United States v. Bryan, 524 U.S. 184 (1998) (Declining to extend Ratzlaf and Cheek by distinguishing them as "involv[ing] highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct.").

Indeed, "[c]ompared with anti-structuring or tax laws, as in Ratzlaf or Cheek, individual campaign contribution laws are more intuitive and less complex."  Danielcyck, 788 F. Supp. 2d at 490.   While "many areas of federal law are 'complex,' including laws governing campaign contributions . . . such laws are not at the level of the tax code in their likelihood of ensnaring innocent conduct through sheer bewilderment.   Campaign contribution laws are not so complex or surprising that the average citizen would likely be trapped by them."  Id.   Thus, for conduit contribution violations, the court in Danielcyck concluded that the Government "must prove that Defendants intended to violate the law (whatever the law was); but it need not prove Defendant's awareness of the specific laws commands."  Id. at 491 (citing Bryan, 524 U.S. at 196).   The Danielcyck court further concluded that a similar standard applies to willfulness in the false statement context.   Id. at 492 (finding that the *mens rea* to be applied in the 1001 context

---

[2] For example, in United States v. Rastogi, et al., 02 Cr. 673 (RMB) (S.D.N.Y. May 11, 2004), in the context of bank fraud, mail fraud, and wire fraud charges, Your Honor instructed the jury that: "'Willfully' means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. 'Unlawfully' means simply contrary to law.   A defendant need not have known that he or she was breaking any particular law or any particular rule.   A defendant need only have been aware of the generally unlawful nature of his or her acts or plans."  See also United States v. Schlisser, 03 Cr. 611 (RMB) (S.D.N.Y. Mar. 22, 2004) (in the context of securities fraud and wire fraud, this Court instructed the jury that: "'Unlawfully' means simply contrary to law.  The defendant need not have known that he was breaking any particular law or any particular rule.   A defendant need only have been aware of the generally unlawful nature of his acts"); United States v. Kurniawan, 12 Cr. 376 (RMB) (S.D.N.Y. Dec. 17, 2013) (Tr. 1327:5-8) (in the context of a mail fraud charge, this Court charged the jury that: "'willfully' means to act with knowledge that one's conduct is unlawful and with the intent to do something that the law forbids, that is to say, with the bad purpose to disobey or disregard the law.")   Attached as Exhibit A to this letter are the relevant portions of the jury instructions in the Rastogi, Schlisser, and Kurniawan matters.

depends on the conduct charged (*i.e.*, the law (if any) that makes the statement at issue allegedly false, fraudulent, or fictitious)).

In United States v. Whittemore, 944 F. Supp. 2d 1003, 1006-10 (D. Nev. 2013), the court concurred with the Danielcyck analysis, finding that the "'willfulness' requirement for violations of §441f means general knowledge of unlawful conduct." Like D'Souza, the defendant in Whittemore argued that the Federal Election Campaign Act ("FECA") "is so complex and so likely to trap the unwary that § 437g(d) warrants a Cheek/Ratzlaf level of intent." Id. at 1009. Whittemore rejected this argument and concluded, like Danielcyck, that the Government "must prove that [the defendant] knew his conduct violated some law, but it need not prove which one." Id. at 1010. In addition, citing the Supreme Court's decision in United States v. Bryan, the court added that "importantly, such knowledge may be shown by conduct that is 'not consistent with a good-faith belief in the legality of the enterprise.'" Id. (citing Bryan, 524 U.S. at 189 n. 8). The Government respectfully requests this additional language from Bryan be included in this Court's charge on willfulness.

In a footnote in support of the defendant's proposed request to charge in this case, see Docket Entry No. 33, at 19 n.2, D'Souza argues that the recent Supreme Court decision in McCutcheon v. Federal Election Comm'n, 134 S. Ct. 1434, 2014 WL 1301866 (Apr. 2, 2014) somehow compels this Court to abandon the well-reasoned conclusions of Danielcyck and Whittemore. That argument is without merit. McCutcheon held that aggregate limits on how much money a donor may contribute in total to all political candidates or committees violated the First Amendment. As set out in the Government's opposition to the defendant's motion to dismiss the instant Indictment, nothing in McCutcheon relates in any way to §441f's prohibition of conduit contribution fraud for any type of contribution, let alone the *mens rea* required to commit such a crime. The McCutcheon ruling does not make the FECA more complex. If anything, the ruling simplifies adhering to the FECA because there is no longer a need for a contributor to track how much money in the aggregate the contributor has given to multiple candidates. In short, McCutcheon does not change the analysis that the crimes at issue here are "not at the level of the tax code in their likelihood of ensnaring innocent conduct through sheer bewilderment." Danielcyck, 788 F. Supp. 2d at 490. There is nothing "obscure" or "complex" about individual campaign contribution limits and the prohibition against donating money in the names of other people.

In the May 2 Letter, the defendant argues that the case Bluman v. Federal Election Comm'n, 800 F. Supp. 2d 281 (D.C. Cir. 2011) supports his request to charge on willfulness. That simply is not accurate. Bluman upheld the constitutionality of 2 U.S.C. § 441e, which bars foreign citizens from making campaign contributions and expenditures advocating for and/or against candidates in United States elections. Id. at 292. In so holding, Bluman "caution[ed] the government that seeking criminal penalties for violations of this provision – which requires that the defendant act 'willfully,' see 2 U.S.C. §§ 437g(a)(5)(C), 437g(d)(1)(A) – will require proof of the defendant's knowledge of the law." Id. at 292 (citing United States v. Moore, 612 F.3d 698, 702-04 (D.C. Cir. 2010) (Kavanaugh, J. concurring). Blauman reasoned that such a *mens rea* was necessary because "[t]here are many aliens in this county who no doubt are unaware of the statutory ban on foreign *expenditures*, in particular." Bluman, F. Supp. 2d at 292 (italics in original).

Bluman does not adopt the higher standard of willfulness for §441e that the defendant here urges on the Court, *i.e.*, that the defendant must know that he was violating a specific criminal law. Rather, Bluman makes the uncontroversial point that in order to prove a violation of §441e, the Government must prove that a defendant knew that his conduct was unlawful. This understanding of this portion of Bluman is buttressed by its citation to Judge Kavanaugh's concurrence in the Moore. opinion. In Moore, which addressed the requisite *mens rea* in §1001 prosecutions, Judge Kavanaugh called into question prior precedent that did not require the Government to prove that the defendant knew his conduct was unlawful. Nowhere in his concurrence, however, does Judge Kavanaugh suggest that in the false statements context that the Government should have to prove the defendant had specific knowledge of the criminal law he was violating. Indeed, Judge Kavanaugh makes that distinction clear. "To say that the Government must prove the defendant knew the conduct was a crime in not necessarily to say that the Government must prove the defendant knew the specific code provision proscribing the conduct, except with respect to certain highly technical statutes." Id. at 704 fn* (citing, among other cases, Ratzlaf and Cheek).

Of course, even if Bluman could be read as requiring the highest standard of willfulness in §441e prosecutions, such a standard is not appropriate in conduit contribution cases. Bluman justified its prescribed willfulness standard through the assertion that "there are many aliens in this country who no doubt are unaware of the statutory bans on *foreign expenditures*, in particular." Bluman, 800 F. Supp. 2d at 292 (italics in original). The emphasis on expenditures makes plain that Bluman did not share the concern, or not nearly to the same degree, that foreign nationals would be ignorant of the law that barred them from making campaign *contributions*. There is even less of a concern that United States citizens who contribute to federal elections are unaware or confused by contribution limits or the prohibition against contributing through straw donors.

The Court also should reject the defendant's proposed language that would require the Government to prove that the defendant's knowledge of the wrongfulness of his conduct extended beyond knowing that he acted "contrary to a campaign rule." See Defendant's Request to Charge No. 1, which modifies the Government's Request to Charge No. 9. As an initial matter, this language is confusing and ambiguous. It is unclear if the phrase "campaign rule" refers to a "rule" specific to the campaign at issue, *i.e.*, Wendy Long's 2012 campaign for the United States Senate, a statutory provision of the FECA, or a regulation promulgated by the Federal Election Commission ("FEC").

Regardless, the Government does not contest that in order to convict the defendant, the Government must prove that he knowingly acted in an unlawful manner, but, as set forth above, that does not mean the Government's must prove that the defendant knew he was violating a criminal statute. Indeed, even Cheek and Ratzlaf do not require the Government to prove that a defendant has to know that the statute he violates is a criminal (as opposed to a non-criminal) statute. If the defendant was aware that he was acting contrary to law, including the FECA or regulations issued by the FEC, he possessed the requisite criminal intent. In fact, the Supreme Court and Second Circuit have affirmed jury instructions that, just as the Government's proposed request to charge here, instructed the jury that the defendant "need not be aware of the specific

law and rule that his conduct may be violating, but he must act with the intent to do something that the law forbids."  See United States v. Kozeny, 667 F.3d 122, 135-36 (2d Cir. 2011) (finding the charge proper under either a *de novo* or plain error standard); Bryan v. United States, 524 U.S. 184, (approving jury instructions that "[a] person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law.  Now, the person need not be aware of the specific law or rule that his conduct may be violating.  But he must act with the intent to do something that the law forbids").

For the reasons set forth above, the Government respectfully requests that the Court charge the jury on willfulness as requested by the Government in Request No. 9 with the addition of the language from Bryan described above.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:    _____
Carrie H. Cohen/Paul M. Krieger
Assistant United States Attorney
(212) 637-2264/1084

cc:    Benjamin Brafman, Esq. (via e-mail and ECF)