# In The Matter Of:

*UNITED STATES OF AMERICA v*

*RUDY KURNIAWAN*

---

*December 17, 2013*

---

*SOUTHERN DISTRICT REPORTERS*

*500 PEARL STREET*

*NEW YORK, NY 10007*

*212 805-0330*

Original File DCHAKURF.txt

**Min-U-Script® with Word Index**

| DCHAKUR7ps | Charge | Page 1326 |
|---|---|---|

suffered any loss. It is enough if you find that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be relied upon. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

So that is the first element of mail fraud.

The second element of mail fraud is as follows. The second element, you'll remember, I said was materiality. The scheme or artifice to defraud, or false or fraudulent representations or concealment, must relate to a material fact or matter. A material fact is one that would have been significant to a reasonable and prudent person in relying on the representation or statement, or failure to disclose, in making a decision. That means if you find a particular statement or matter was false or that it concealed facts that made what was said deliberately misleading, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decisions.

So that's the second element, materiality.

The third element of mail fraud that the government must establish beyond a reasonable doubt is there the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with intent to defraud.

So an act is done knowingly if it is done

| DCHAKUR7ps | Charge | Page 1327 |
|---|---|---|

deliberately, or purposefully. That is, the defendant's act must be the product of his conscious objective rather than the product of a mistake or accident or mere negligence, carelessness, or recklessness, or some other innocent reason.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with the bad purpose to disobey or disregard the law.

The words "devised" and "participated" are words that you are familiar with, and therefore I do not need to spend much time defining them for you. To devise a scheme to defraud is to concoct or plan it. To participate in a scheme to defraud means to associate oneself with it, with a view and intent toward making it succeed.

"An intent to defraud" means to act knowingly with the specific intent to deceive, for the purpose of causing some financial or property loss to another. The question of whether a person acted knowingly, willfully, and with intent to defraud, these are questions of fact for you, the jurors, to determine, like any other fact questions. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. An individual's intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his

| DCHAKUR7ps | Charge | Page 1328 |
|---|---|---|

conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of mail fraud. A defendant, however, has no burden to establish the defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the mail fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with the intent to defraud. However, misleading or deceptive a statement or even a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however, inaccurate the statements may turn out to be.

If you find that the defendant knowingly and willfully participated in the scheme to defraud with the intent to defraud the victims, no amount of honest belief on the part of the defendant that the victims of the scheme would be made whole in the end will excuse the defendant's conduct.

And here is the fourth and last element of Count One, mail fraud. The fourth and final element that the government

| DCHAKUR7ps | Charge | Page 1329 |
|---|---|---|

must establish as to mail fraud is the use of the mails in furtherance of the fraudulent scheme. The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier, such as Federal Express.

It is not necessary that the defendant be directly or personally involved in the use of the mails, or to have had anything whatsoever to do with the mails, so long as the mailing is reasonably foreseeable in the execution of the scheme to defraud that is alleged in Count One of the indictment.

In this connection, it would be enough to establish this element of the crime if the evidence justifies a finding that defendant caused mailing by others; and this does not mean that defendant himself must specifically himself have authorized others to do the mailing.

This mailing requirement can be satisfied even if the mailing was done by the person being defrauded or some other innocent party. When a person does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen by that person, even though he or she does not actually intend such use of the mails, then he nevertheless, nonetheless causes the mails to be used. Incidentally, the mailed matter need not itself be fraudulent. For example, the

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :
                                    :
         -v.-                       :
                                    :
MICHAEL G. SCHLISSER,               :
                                    :
                   Defendant.       :
                                    :
- - - - - - - - - - - - - - - - - -x
```

## Jury Instructions

Nor does it matter whether the alleged unlawful conduct was successful or not, or that the defendant profited or received any benefits as a result of the alleged scheme.  Success is not an element of the crime charged. However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

### Count One: Securities Fraud: Second Element

The second element that the Government must establish beyond a reasonable doubt is that the defendant engaged in the scheme to defraud, that is, the scheme alleged in the Indictment, willfully, knowingly, and with the intent to defraud. I will now define the terms "willfully," "knowingly," and "with intent to defraud."

An act is done "willfully" and "knowingly" if it is done deliberately and purposefully; that is, the defendant's act must have been the product of the defendant's conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

"Unlawfully" simply means contrary to law.  The defendant need not have known that he was breaking any particular law or any particular rule.  A defendant need only have been aware of the generally unlawful nature of his acts.

18

"False statement" means an untrue statement knowingly made.

I further explained the Government's contentions regarding the nature of the alleged scheme. That explanation also applies here.

The Government is not required to establish that the scheme actually succeeded -- that is, that the defendant actually realized any gain from the scheme or that the intended victims suffered any loss. Although whether or not the scheme actually succeeded is not the question, you may consider whether it succeeded in determining whether a scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

However, in order for the prosecution to prove the first element of wire fraud, you must be unanimous in finding that the defendant participated in at least one of the schemes and artifices alleged in the Indictment.

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

**Counts Two through Twelve: Wire Fraud: Second Element - Participation in the Scheme with Intent to Defraud**

The second element that the Government must establish

beyond a reasonable doubt is that the defendant engaged in the fraudulent scheme knowingly, willfully, and with the intent to defraud.

It is not required that the defendant participate in or have knowledge of every part of or all of the operations of the alleged scheme.

As I have previously noted, before the defendant MICHAEL SCHLISSER may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and also with a specific intent to defraud. I have defined the terms "knowingly," "willfully" and "intent to defraud" earlier in my charge, and those definitions apply here as well. Of course, as I instructed you before, the Government need not prove that the intended victims were actually harmed; only that such harm was contemplated.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                  :
UNITED STATES OF AMERICA          :
                                  :
        -v.-                      :
                                  :
Henry Chu, Josielynn Salumbides,  :
Naina Chitroda,Manoj Nijhawan,    :
Ashok Shah and Sanjay Rohira      :
                                  :
                 Defendants.      :
                                  :
- - - - - - - - - - - - - - - - -x
```

JURY CHARGES

purpose to violate the law; and that he or she agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

An act is done "knowingly" if it is done deliberately and purposefully, that is, a defendant's act must have been the product of his or her conscious objective rather than the product of a mistake or accident or mere negligence, carelessness or recklessness, or some other innocent reason.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

"Unlawfully" means simply contrary to law.  A defendant need not have known that he or she was breaking any particular law or any particular rule.  A defendant need only have been aware of the generally unlawful nature of his or her acts or plans.

Before a defendant can be found to have been a conspirator, you must first find that he or she knowingly joined in the unlawful agreement or plan.  The key question is whether the Defendant you are considering joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

Knowledge is often a matter of inference from the proven facts.  We cannot look into a person's mind and know what that person is thinking.  It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of guilty knowledge on his or her part.  To have knowledge of a conspiracy, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  Nor is it necessary that a defendant know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary