## BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

September 2, 2014

**VIA HAND & ECF DELIVERY**

Hon. Richard M. Berman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, N.Y. 10007-1312

### RE: U.S. v. DINESH D'SOUZA, 14 CR. 034 (RMB)

Dear Judge Berman:

    As your Honor is aware, I represent DINESH D'SOUZA who is scheduled to be sentenced by this Court on September 23, 2014, following his plea of Guilty in this matter. We enclose for your Honor's review a formal Sentencing Memorandum and numerous Exhibits in order to assist the Court in determining an appropriate sentence to impose in the case of a first offender, who is a brilliant scholar and whose criminal conduct must be viewed as an aberration from the law abiding and productive life he has otherwise always led.

    As we more fully discuss in the enclosed Memorandum, the Court is respectfully urged to impose a non-guideline sentence that does not include any period of incarceration. Indeed, a sentence of probation that includes as a special condition the performance by Mr. D'Souza of a significant period of Community Service would best reflect the unique facts of this case, and thereby constitute a sentence that is sufficient but not greater than necessary to ensure the fair administration of justice. Counsel does not intend in this letter to repeat all of the arguments we advance in our Memorandum. Counsel does however, wish to respectfully stress two points for your Honor's consideration, even if by doing so in this letter counsel is somewhat repetitive.

1

BRAFMAN & ASSOCIATES, P.C.

First, we have not been able to find any case in any jurisdiction where, under the "same" facts, a defendant who has "not" proceeded to trial has been sentenced to prison for a similar offense - especially where, as in this case, there is no evidence whatsoever of any attempted official corruption. Indeed, in this case, the candidate, Wendy Long, was not even aware of the defendant's conduct. Moreover, there was never any effort by the defendant to secure anything from the candidate, let alone any benefit for himself or anyone else. In short, Mr. D'Souza's conduct was an act of misguided friendship extended by him to one of his closest friends since college. Furthermore, the contributions were raised on behalf of a candidate, who had no chance of prevailing.

Second, the defendant has most assuredly accepted responsibility for his criminal conduct. Indeed, as clearly understood at the defendant's plea, although he could not argue for a two level reduction of the advisory guideline level, he specifically reserved the right to argue to your Honor that his plea and admission of wrongdoing could and should be considered by your Honor toward determining his sentence under §3553(a) [See Plea Transcript dated May 20, 2014 pp. 18-19]. It is also important for your Honor to note that although the Government insisted on denying the defendant 2 points for Acceptance, because of the lateness of his plea, the timing of his plea was understandable and should not be held against the defendant. Thus, this case involved the need for your Honor to resolve several complex and unique pre-trial motions which, if resolved in the defendant's favor, would have resulted in a dismissal of the Indictment. Shortly after the Court denied the defense motions, the defendant entered his plea. Certainly, the defendant should not be penalized by Your Honor for engaging in serious non-frivolous Motion practice - especially in this case when some of his motions were necessitated, in part, by a very recent decision of the United States Supreme Court which suggested to Counsel that the constitutionality of the statute had to be tested.

With great respect for the integrity and independence of this Court, we submit that to sentence Mr. D'Souza to prison for his actions in this case is not necessary. Indeed, it would be a sentence far too severe under the compelling and unique facts of this case. We submit that a sentence of probation and structured Community Service would punish Mr. D'Souza, but also improve the quality of life for others in the community who would benefit from Mr. D'Souza's services.

Respectfully,

Benjamin Brafman

cc:   Carrie Cohen, Assistant United States Attorney (via email: Carrie.Cohen@usdoj.gov)

   Dinesh D'Souza