

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 19, 2014

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **9/17/14**

**BY EMAIL**

Benjamin Brafman, Esq.
Brafman & Associates, P.C.
767 Third Avenue, 26th Floor
New York, New York 10017

**Re:**     *United States v. Dinesh D'Souza*, **14 Cr. 034 (RMB)**

Dear Mr. Brafman:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Dinesh D'Souza ("the defendant") to Count One of the above-referenced Indictment (the "Indictment").

Count One charges the defendant with making campaign contributions in the names of others to a federal election campaign, in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(D) and Title 18, United States Code, Section 2.  Count One carries a maximum term of imprisonment of two years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for willfully and knowingly making and causing to be made contributions of money, aggregating more than $10,000 during the 2012 calendar year, in the names of others to the campaign of a candidate for the United States Senate and causing materially false statements about these conduit contributions to be filed with the executive branch of the United States Government, as charged in Counts One and Two of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq*.  In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant.  The defendant agrees that with respect to any and all dismissed charges, he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

Rev. 10.22.2013

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

## A. Offense Level

1. The November 1, 2013 version of the Guidelines applies to this case.

2. The Guideline applicable to the defendant's offense is U.S.S.G. § 2C1.8.

3. Pursuant to U.S.S.G. § 2C1.8(a), the base offense level is eight.

4. Because the value of the illegal transactions exceeded $5,000, the base offense level is increased by four levels pursuant to U.S.S.G. §§ 2C1.8(b)(1) and 2B1.1(b)(1)(C) because the value of the illegal transactions was more than $10,000 but less than $30,000.

In accordance with the above, the applicable Guidelines offense level is 12.

## B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history points. In accordance with the above, the defendant's Criminal History Category is I.

## C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 10 to 16 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 12, the applicable fine range is $3,000 to $30,000.

The defendant agrees that he will not seek a two-level reduction in the stipulated Guideline's offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The parties agree further agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party suggest that the Probation Office consider such a departure or adjustment under the Guidelines, or suggest that the Court *sua sponte* consider any such departure or adjustment.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Office consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 10 to 16 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case.

Rev. 10.22.2013

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Rev. 10.22.2013

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

PREET BHARARA
United States Attorney

By: _Cleek to Dicbt_

Carrie H. Cohen/Paul M. Krieger
Assistant United States Attorneys
(212) 637-2264/1084

APPROVED:

Arlo Devlin-Brown
Chief, Public Corruption Unit

SO ORDERED,
Date: 9/17/14   Richard M. Berman, U.S.D.J.

AGREED AND CONSENTED TO:

DINESH D'SOUZA

5-20-14
DATE

APPROVED:

Benjamin Brafman, Esq.
Attorney for DINESH D'SOUZA

5.20-14
DATE