```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,                 :
                                          :
                      Government,         :         14 Cr 34 (RMB)
                                          :
        - against -                       :         **ORDER**
                                          :
DINESH D'SOUZA,                           :
                      Defendant.          :
-----------------------------------------------------------x

As a (further) follow up to the conference held on July 13, 2015, the Court brings to the attention of the parties, counsel, and the Probation Departments (California and New York) the following information from the sentencing of Mr. D'Souza on September 23, 2014:

1- As to community service, the defense requested that "as a condition of the term of probation, the Court direct that Dinesh D'Souza engage in a sufficient amount of community service by which he can help educate others, perhaps less fortunate, and thereby enable them to benefit from those lessons learned as a result of his own mistakes in general and this criminal prosecution in particular." (9/23/14 Tr. at 14:9-15.) Defense counsel stated: "We have proposed a program of community service, where he would teach English as a second language. . . He's perfect for that role. . . That's what we are suggesting." (9/23/14 Tr. at 55:24-25, 56:1-2, 6-7.)

The Government stated that "to the extent your Honor would like to order community service, such community service can be performed as part of his supervised release. It is not a bar to also a term of imprisonment." (9/23/14 Tr. at 70:17-20.)

The Court stated: "[Mr. D'Souza is] going to be required to do community service . . . every week, one eight-hour day of community service during the five years, not two hours here, two hours there, but one full eight-hour day devoted to community service." (9/23/14 Tr. at 74:17-21.) "The community service is not to be done piecemeal. It's one full day per week, eight hours, teaching English language to non-English-speaking residents or applicants for residency to the United States. That community service is to be supervised by an agency that agrees to provide written logs to probation and to the Court

attesting to the hours and the work performed. Probation again will make these arrangements." (9/23/14 Tr. at 76:14-21.)

2- As to mental health counseling, the Court concluded that it had not adequately been explained, "why Mr. D'Souza, a successful, famous political commentator, author, lecturer and filmmaker at the pinnacle of his success, would commit an election law felony. Such self-destructive behavior cannot neatly in my view be explained either as friendship or as a mistake or as out of character. **And we would in my view need a thoughtful psychological intervention or analysis to have better insight.**" (9/23/14 Tr. at 20:9-16.) (emphasis added). **"And I'm [] going to impose therapeutic counseling during the period of probation.** . . He will be, as 1 said before, required to participate in weekly therapeutic counseling by a licensed therapist, and in that regard may be required to contribute to the cost of services rendered as by a copayment in an amount to be determined by the probation officer based on such factors as ability to [p]ay or availability of third-party payment." (9/23/14 Tr. at 75:4-6, 76:8-13.) (emphasis added). See also. Judgment dated 9/23/14 at 3 ("Throughout the period of supervised release, defendant shall participate in weekly therapeutic counseling by a licensed therapist. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third party payment."). **"I don't see real self-reflection or serious thought here as to what motivated the behavior."** (9/23/14 Tr. at 52:9-11.) (emphasis added). This is the same conclusion reached more recently by an Outpatient Mental Health Interpretive Report (MMPI-2) as discussed at a July 13, 2015 status conference: "This client tends to deny problems and is not very introspective or insightful about his own behavior." (MMPI-2 at 5.)

3- As to punishment, the Court stated: "I don't think it's necessary for Mr. D'Souza to go to jail. I think that a probationary sentence is appropriate . . . I do think it's important to put some teeth into the probation period, it's going to be for five years. . ." (9/23/14 Tr. at 73:25, 74:1-2, 4-5.) "He's also going to be required to pay for the community confinement center and for the supervision. . . I am going to impose a $30,000 fine as well." (9/23/14 Tr. at 74:25, 75:1, 4.)

4- At the conclusion of the sentencing on September 23, 2014, defense counsel, Mr. Brafman, stated: "I just want so say thank you . . . I just want to thank you very much for the care and thought that you have obviously put into this proceeding, and I appreciate your patience this morning." (9/23/14 Tr. at 77:24, 81:24-25, 82:1.)

5- Going forward, Probation Officer Schwarte, Mr. D'Souza and all counsel will be expected to demonstrate a firmer knowledge and understanding of what is included in the sentencing on September 23, 2014, than they have shown to date.

At the next conference on October 8, 2015, Mr. D'Souza and a New York Probation Officer who is familiar with the file and history of this case are required to appear in person. A California Probation supervisor is required to appear by phone along with Ms. Schwarte.

Dated: New York, New York
      July 16, 2015

*RMB*

**RICHARD M. BERMAN**
**U.S.D.J.**